UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMUEL G. CARROLL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-0004-TAB-RLY |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
|     Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Before the Court is Defendant's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). [Docket No. 44.] Courts may grant Rule 59(e) motions "to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

Defendant contends that the Court inappropriately remanded this case under both sentences four and six of 42 U.S.C. § 405(g). The Court agrees. [*See* Docket No. 41 at 17.] This case should have only been remanded under sentence four. "In a sentence four remand based on a finding of error, the district court may immediately enter judgment 'affirming, modifying, or reversing the decision,' with or without remanding an issue." *Kough v. Teamsters' Local 301 Pension Plan*, 437 F. App'x 483, 489 (7th Cir. 2011) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 n.1–2 (1993)). "In a sentence six remand based on new evidence,

1

an entry of judgment is made only after the issue has been remanded, the agency has made a decision, and the decision is filed with the district court." *Kough*, 437 F. App'x at 489–90.

As discussed in the Court's January 28, 2013, ruling, the educational and mental health records are not new evidence because they were submitted to the Appeals Council. [Docket No. 41 at 3.] *See also Farell v. Astrue*, 692 F.3d 767, 770 (7th Cir. 2012) ("The evidence Farrell wanted the court to consider was not 'new' to the district court because it had been already been submitted to, and rejected by, the Appeals Council."). Therefore, it is inappropriate to remand the case under sentence six. Rather, sentence four provides a proper basis to reverse and remand the decision of the Commissioner for a rehearing consistent with the Court's January 28, 2013, ruling. Therefore, Defendant's motion to alter or amend the judgment [Docket No. 44] is granted and the Court reverses and remands the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). An amended judgment shall issue accordingly.

DATED:   04/29/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Lindsay C. Dunn
UNITED STATES ATTORNEY'S OFFICE
lindsay.dunn@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

C. David Little
POWER LITTLE & LITTLE
powerlittl@accs.net